UNITED STATES of America, Appellee,

v.

Michael F. KELLEY, Defendant-Appellant.

No. 72–1272.

United States Court of Appeals, First Circuit.

Argued Nov. 9, 1972.

Decided March 30, 1973.

**212**

Ira L. Schreiber, Providence, R. I., with whom Schreiber, Clingham & Gordon, Providence, R. I., were on brief, for appellant.

Paul F. Ware, Jr., Asst. U. S. Atty., with whom Joseph L. Tauro, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

PER CURIAM:

Appellant was convicted of violating and conspiring to violate 26 U.S.C. § 4705(a), now repealed by Pub.L. 91–513, Title III, § 1101(b)(3)(A), October 27, 1970, 84 Stat. 1292, by dealing in cocaine not in pursuance of a written order form issued for that purpose. His conviction was affirmed in United States v. MacDonald, 455 F.2d 1259 (1st Cir. 1972). Subsequently, he alleged that the sentence was illegal in that it was based on a statute repealed prior to his sentencing, that the trial judge improperly denied appellant's motion for treatment commitment pursuant to the Narcotics Addict Rehabilitation Act, 18 U.S.C. § 4251 et seq. (NARA), and that his ten year sentence violates the constitutional prohibition against cruel and unusual punishment.

■ In the light of appellant's request that we reconsider our holding in United States v. Bradley, 455 F.2d 1181 (1st Cir. 1972), that probation is not available to persons sentenced under the former 26 U.S.C. § 7237(b), we withheld decision pending Supreme Court review. We now consider that question foreclosed by the Court's opinion, Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Whatever merit might exist in appellant's claim that parole may still be available to persons in his situation, presumably under 18 U.S.C. § 4202, we note that the Supreme Court expressly reserved judgment on this matter, id. at 4370 n. 6, and we have been presented no reason for considering it now, in this proceeding, so far in advance of its possible applicability to appellant who has served less than two years of his ten year sentence.

■ Appellant's NARA issue is more troublesome because it appears that the district court may have improperly applied that act in part. Assuming appellant was not one "who is or has been so far addicted to the use of such narcotic drugs as to have lost the power of self-control with reference to his addiction", 18 U. S.C. § 4251(a), he still may qualify as one "who habitually uses any narcotic drug . . . so as to endanger the public morals, health, safety or welfare", id., see also United States v. Lindsey, 324 F.Supp. 55 (D.D.C.1971), either clause being sufficient by itself to define an "addict". Before the trial court and upon appeal the government focused upon disproving appellant's contentions insofar as loss of self-control is concerned. All we have in the district court's opinion is a bare conclusion that appellant was not an addict.

■ Nevertheless, 18 U.S.C. § 4251(f)(2) bars from eligibility one whose primary purpose in making the sale for which he is convicted was not to support his habit. While the district court may have erroneously thought, as colloquy seemed to indicate, that this provision related to prior convictions, we have serious doubts that the evidence could be said to support the necessary finding as to primary purpose.

In any event, we note that the court explicitly exercised its discretion in refusing to place appellant in the custody of the Attorney General. The relevant

law, § 4252, is permissively phrased to vest such discretion in the sentencing judge, even if he finds that the offender is "eligible" and an "addict". Whatever might be the scope of review of such discretion in other cases, we cannot say that here, where appellant agreed to sell $6,000 of cocaine—an act seemingly "involving quantities of narcotics far in excess of any personal needs, [there was any] abuse of discretion in not invoking NARA." United States v. Clayton, 450 F.2d 16, 21 (1st Cir. 1971).

██ Finally, even if we were to measure appellant's sentence against the suggested constitutional test for cruel and unusual punishment of Mr. Justice Brennan in Furman v. Georgia, 408 U.S. 238, 305, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which is suggested here in the brief for the United States, we cannot say, in light of the facts of this case, that the ten year sentence given appellant violates his constitutional rights. *See also* McWilliams v. United States, 394 F.2d 41, 48 (8th Cir. 1968).

Affirmed.